**\*E-FILED 5/19/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BART LAINE,<br><br>      Plaintiff,<br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant.<br>_____/ | NO. C 05 -04797 (RS)<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

## I. INTRODUCTION

This motion to dismiss turns on a single question of law: May a plaintiff hold the United States liable for negligence under the Federal Tort Claims Act ("FTCA") where the alleged injury is purely economic, and plaintiff has suffered no property damage or physical injury? By its language, the FTCA confers jurisdiction only where a claim is for "injury or loss of *property*." Even though it is proper to look to state law as part of the analysis when determining if a particular claim is cognizable under the FTCA, and even though California negligence law permits recovery of purely economic damages in some circumstances, it does not appear that such damages can be considered as flowing from an injury to "property" even under California law. The motion to dismiss will therefore be granted. Because plaintiff has requested an opportunity to plead a different basis for jurisdiction, leave to amend will granted.

1

## II.  BACKGROUND

Plaintiff Bart Laine alleges that he has operated a commercial fishing vessel in and around San Francisco Bay for over 30 years. Amended Complaint ¶ 7.  He contends that during and around 2004, agencies of the federal government negligently released "contaminated water" into San Francisco Bay during the course of a "salt pond restoration project."  Amended Complaint, ¶ 12.

Laine alleges that the discharge "directly and foreseeably caused [him] to lose present and future profits, and destroyed and/or substantially impaired his business/livelihood."  Amended Complaint, para. 16.  The complaint does not elaborate, but it appears undisputed that Laine is contending the discharge had a negative effect on the populations in the Bay of shrimp, fish, or other wildlife on which his livelihood depends.

The Government's motion offers considerable additional factual background regarding the salt pond restoration project that gave rise to this action, and it implies that ultimately Laine will be unable to show that it did anything wrong.  The Government does not rely, however, on any of those facts or arguments in making this motion. Instead, the motion is premised on certain aspects of the complaint, namely that: 1) the Government acted with alleged negligence in causing or permitting the discharge of "contaminated" water into San Francisco Bay; 2) the discharge allegedly resulted in economic damage to Laine's commercial fishing business; and 3) Laine has not alleged that the discharge  harmed his tangible personal or real property.[1]

---

[1] Laine's opposition to this motion argues that the rule of liberal construction of the pleadings under Rule 12 (b) (6) of the Federal Rules of Civil Procedure applies.  That portion of Laine's opposition appears to misapprehend the fact that the Government's motion is brought under Rule 12 (b) (1), which governs challenges to *jurisdiction*, not sufficiency of the pleading. Nevertheless, the balance of Laine's opposition demonstrates that the parties are in basic agreement that this motion presents a legal issue to be resolved on the facts set forth above.

2

III.  DISCUSSION

A.  <u>The Motion to Dismiss</u>

The FTCA, 28 U.S.C. § 2671 et seq., waives sovereign immunity and confers jurisdiction on federal courts to hear claims against the United States where the claim is "'[1] against the United States, [2] for money damages . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Federal Deposit Ins. Corp v. Meyer*, 510 U.S. 4717, 477 (1994) (quoting 28 U.S.C. § 1346(b)).  All six of these elements must exist for jurisdiction to lie. *Id*.

Here, the Government contends no jurisdiction exists because Laine is not alleging any injury to "property." The Government focuses its argument and cites authorities in an attempt to show that neither Laine's interest in wildlife that he has yet to harvest not his shrimping license could be deemed "property." Laine, in turn, does not seriously dispute the Government's conclusion that he lacks any traditional "property" interest that was harmed, but argues instead that his claim is cognizable because the elements of California negligence law do not include any requirement of an injury to "property" in that sense.  In so arguing, Laine relies primarily on the sixth statutory element (that the claim be recognized in state law), and glosses over the fact that the third element (injury or loss of property) must also be present.

The critical issue is how to interpret the requirement that there be "injury or loss to property." The Government argues, in essence, that there must be injury to something *owned* by plaintiff, something tangible, or at least nearly so.  Relying only on a narrow sense of the word "property," however, does not give sufficient consideration to the fact that the FTCA is structured to incorporate common law tort concepts, at least to some degree. In overturning a trial court decision that had adopted a position very much like the one the Government advocates here, the Second Circuit observed:

> In tort law, "injury to property" and "loss of property" have neither conventional nor

3

ordinary, dictionary-type meanings. They are, instead, defined in terms of the kinds of harms to property for which a plaintiff may seek redress. As a result, in order to determine whether there exists an "injury or loss of property," we must examine whether Plaintiff's claim seeks to vindicate an interest that is given protection by the general common law of torts. In other words, we must determine whether Plaintiff's interest is treated as property for torts purposes.

*Devlin v. United States*, 352 F.3d 525, 538 (2nd Cir. 2003).

The *Devlin* court offered numerous examples of how, in the law, "property" and "injury to property" can mean very different things under different circumstances. 353 F.3d at 537. "This is so because 'property is a term with a famously diffuse set of meanings across a range of areas of law." 353 F. 3d at 537. Furthermore, the *Devlin* court pointed out that it would be inconsistent with the structure of the FTCA to conclude that the requirement of an "injury or loss of property" means a physical injury to something tangible, similar to what the Government is arguing here:

> Section 1346(b)(1) manifestly encompasses some torts that are not accompanied by a "physical impact." There is no doubt, for example, that legal malpractice is cognized by the FTCA because Congress has prescribed special rules for FTCA claims relating to the malpractice of Department of Defense and Coast Guard lawyers . . . *See* 10 U.S.C. § 1054(a) & (e).
>
> That section 1346(b)(1) encompasses a wide sweep of intangible tort claims is also evidenced by Congress' decision to limit that liability by setting out specific exceptions in section 2680. These exceptions exclude some but not all "non-physical" harms. *See* 28 U.S.C. § 2680(h) (barring claims arising out of, *inter alia,* libel, slander, misrepresentation, deceit, and interference with contract rights). If the kind of "non-physical" harm at stake in interference-with-contract-rights actions did not qualify as "injury or loss of property" in section 1346(b)(1), there would have been little reason to exclude such actions in section 2680.

352 F.3d at 536.

Under the principles explained in *Devlin,* the relevant inquiry is whether the plaintiff's interest is one afforded protection under the common law of torts–as if it were any other form of "property."[2] "In other words, we must determine whether Plaintiff's interest is treated as property for torts purposes." 352 F.3d at 538. Thus, in *Devlin* itself, the court looked to a long history of

---

[2] *Devlin* raises, but does not decide, the additional issue of whether the relevant common law is a uniform federal common law or the common law of the particular state where the alleged wrong occurred. 352 F.3 at 531-534. Although the parties here have cited primarily precedents involving California common law, it does not appear that the result would be different under a "uniform" approach.

4

1 common law recognizing and protecting the expectancies of beneficiaries and heirs in estates to
2 conclude that an injury to such expectancies is within the meaning of "injury to property" under the
3 FTCA.

4 In this case, however, it does not appear that the common law has ever treated purely
5 economic interests of the type Laine is seeking to vindicate as if they are "property." It is true that
6 beginning some decades ago a seminal line of California cases began to allow plaintiffs to recover in
7 negligence for purely economic injuries, but only under narrowly prescribed circumstances. *See*
8 *Biakanja v. Irving*, 49 Cal.2d 647 (1958); *J'Aire Corp. v. Gregory*, 24 Cal.3d 799 (1979);
9 *Ales-Peratis Foods v. American Can Co.*, 164 Cal.App.3d 277 (1985). Laine has not pointed to, and
10 independent research has not uncovered, any precedents that plainly treat the kind of economic
11 expectancy at issue here as if it were akin to other property rights.

12 Perhaps the closest case to these facts is *Union Oil v. Oppen*, 501 F.2d 558 (9th Cir. 1974), in
13 which the Ninth Circuit permitted commercial fisherman to pursue purely economic damages they
14 suffered after an oil spill decimated fisheries off the Santa Barbara coast. The *Union Oil* court
15 pointed specifically to the then-emerging trend under California law to permit recovery of economic
16 losses as having undermined the traditional rule to the contrary. 501 F.2d at 565-566. Nevertheless,
17 *Union Oil* was not a case brought against the government under the FTCA and nothing in its
18 discussion of the right to recover economic damages establishes that the right could or should be
19 construed as equivalent to a "property" right.[3]

20 Finally, there is Ninth Circuit authority, binding on this Court, that strongly supports a
21 conclusion that the injuries Laine is complaining of here are *not* cognizable as injury to property
22 under the FTCA. In *Idaho ex rel Trombley* v.*United States*, 666 F.2d 444 (9th Cir. 1982), the Ninth
23 Circuit held that the expenses a state incurred in fighting a fire on federal land that had not damaged

---

[3] It is of at least some import that the expansion of the right to recover purely economic damages from private defendants in some settings occurred largely subsequent to the time the FTCA was enacted. In contrast, the *Devlin* court was able to point to a "wide-spread recognition" of the type of interest at issue in that case existing "not only now, but at the time Congress used the phrase 'injury or loss of property' in the FTCA." 352 F.3d at 540.

5

1 any state property simply could not constitute damages for "injury or loss of property." 666 F.2d at
2 446; *see also In Oregon v. United States*, 308 F.2d 568, 569 (9th Cir. 1962) (same). While incurring
3 expenses may not be equivalent to losing anticipated profits in all contexts, that is not a distinction
4 that helps Laine here. *Trombley* demonstrates that absent some basis for treating an economic loss
5 as an injury to a form of property, jurisdiction under the FTCA will not lie.[4]

### B. Leave to Amend

At the hearing, Laine requested that he be given leave to amend in the event the motion were granted, suggesting that there may be a basis for jurisdiction under some federal statutory basis other that the FTCA. The Government did not challenge Laine's right to plead any such claim that may exist, but argued that once the existing claim is dismissed for lack of jurisdiction, there is nothing left to "amend." Granting this motion to dismiss does dispose of the "FTCA claim" on grounds that preclude Laine from repleading a claim for relief grounded on FTCA jurisdiction. Nevertheless, there is at least a theoretical possibility that the same basic facts are sufficient to give rise to some *other* basis for jurisdiction in this Court. Accordingly, Laine will be permitted 20 days from the date of this order within which to file an amended complaint if, in good faith, he can base his claims on some alternate jurisdictional foundation. If no amended complaint is filed within that time, the dismissal will become final.

---

[4] The *Devlin* court criticized *Trobley* for failing to analyze the meaning of "property" with attention to "the text, history, or structure of the FTCA." 352 F.3d at 536 n.11. It is not clear, however, that the result would have been any different in *Trombley* under a more detailed analysis. Without an historical recognition in the common law of an interest that receives protection as if it were property, there is no jurisdiction, even under the analytical framework used by the *Devlin* court. In any event, the *Devlin* court was free to disregard Ninth Circuit precedent, but this Court is not.

## IV. CONCLUSION

The motion to dismiss is GRANTED. Unless, consistent with the leave granted by this order, plaintiff files and amended complaint within 20 days, the dismissal will become final.

IT IS SO ORDERED.

Dated: May 19, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

James Charles Brennan    james.brennan@usdoj.gov,

Claire T. Cormier    claire.cormier@usdoj.gov

Colleen O'Brien    colleen@eastbayattorneys.com, info@eastbayattorneys.com

Troy B. Overton    troy.overton@doj.ca.gov,

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 5/19/06**                                      **Chambers of Judge Richard Seeborg**

**By:      /s/ BAK**